IN RE: ADOPTION OF WENDY JO SLOOP

No. 8019SC511

(Filed 16 December 1980)

**Adoption § 2— child placed for adoption by trial court —improper procedure**

The trial court erred in placing the child in question with petitioners for the purpose of adoption, since adoptions are permitted only upon the statutory procedure set out in G.S. Chapter 48, and, pursuant thereto, adoption is by a special proceeding before the clerk of superior court; moreover, there was no evidence to support the trial court's finding that the department of social services, which had custody of the child, "wrongfully and unreasonably withheld its consent for adoption."

APPEAL by respondent, Department of Social Services, from *Albright, Judge.* Order entered 11 March 1980 in Superior Court, CABARRUS County. Heard in the Court of Appeals 3 December 1980.

On 30 August 1979, the natural mother of the infant involved in this controversy surrendered the child to the Department of Social Services for placement for adoption. The Sloops, petitioners in this proceeding, had previously been approved by the Department to provide, under the supervision of the Department, foster care for such children as the Department might elect to place with them on a temporary basis. The Department so placed the subject child with the Sloops on or about 30 August 1979. Ordinarily, the Department requires foster parents with whom it places children to execute an agreement reciting the terms of the placement and the Department's policy with respect thereto. One of the express provisions is that the foster parents will not initiate proceedings for adoption or placement

without the prior written consent of the Department. The Department's form containing these provisions was given to the Sloops but was not signed by them. Just a few days after the three-month old child was placed with the Sloops for foster care, Mrs. Sloop called one of the Department's foster care workers and expressed her wish that the child be placed with them for adoption. She was told that the Department generally placed children who were old enough to be recognized out of the county. This child was recognized by a former babysitter the day after she was placed in the foster care of the Sloops. The natural mother had expressly urged the Department to place the child in another county saying, "I do not want to see my child when I walk down the street some day." Mrs. Sloop indicated that if the child could not be placed with them for adoption, it would probably be better to remove the child from her home. She was advised of the problems inherent in placing a recognizable child in the home county but was told that she was at liberty to apply to the Department. The Department usually considers between 30 and 50 applications before placing a child for adoption. The final decision is made by an adoption committee within the Department. At the request of the Sloops, the child was removed from their home and, on 11 October 1979, placed in another foster home.

The Sloops never filed an application with the Department for consideration as adoptive parents. Instead, on 26 October 1979, they started this proceeding by filing a petition for adoption. The Department was made a party to the proceedings upon allegations that the Department was unreasonably withholding its consent to the adoption. On 11 March 1980, after a hearing in the Superior Court, the judge entered an order requiring "that the child be placed with Petitioners for the purpose of adoption and that the Petitioners be granted adoption by the Cabarrus County Department of Social Services." The order was based, in part, upon the court's following conclusions:

> 18. That considering the totality of the circumstances the court finds that the Department of Social Services was unreasonable and unjustified by withholding its consent for adoption of the child by Petitioners, and that it is unreasonable under all the circumstances unique to this case to continue to withhold that consent;
> 19. That considering the totality of the circumstances the Court finds that it would be in the best interest of the child that the Petitioners be allowed to adopt the child;

20. That the Cabarrus County Department of Social Services has wrongfully and unreasonably withheld its consent for adoption of the child by Petitioners.

The Department appeals.

*Robert L. Saunders, for petitioner appellees.*

*Williams, Willeford, Boger, Grady and Davis, by Samuel F. Davis, Jr., for respondent appellant.*

VAUGHN, Judge.

We note at the outset that adoptions are permitted only upon the statutory procedures set out in Chapter 48 of the General Statutes of North Carolina. Adoption is by a special proceeding before the Clerk of Superior Court. G.S. 48-12; *In re Custody of Simpson,* 262 N.C. 206, 136 S.E. 2d 647 (1964). If the order of the trial judge "that the child be placed with Petitioners for the purpose of adoption and that the Petitioners be granted adoption by the Cabarrus County Department of Social Services" were allowed to stand, most of the express statutory provisions and legislative policy of Chapter 48 will have been ignored. Moreover, there is no evidence to support a finding or conclusion that the Department has "wrongfully and unreasonably withheld its consent for adoption." When the natural parents surrendered their child to the Department, the Department was placed in the shoes of the parents as to legal custody and the right to refuse or consent to legal adoption by particular individuals. It is given all of the rights the parents had except inheritance. G.S. 49-9.1 (1). The Department has adopted well reasoned and time proven policies for execution of that grave trust. There is nothing in the record to indicate that the actions of the Department have not been in the best interest of the child entrusted to them by its parents.

In the light most favorable to petitioners, the evidence shows that they are good people who, during the few weeks the child was with them, developed a strong attachment for her. If they were allowed to adopt the child, they would provide a good home and be loving parents. The realities are, however, that there are many other prospective adoptive parents about whom the same could be said. The Department must be left at liberty to consider all of them. It is, however, for the Department and not the court to make the appropriate investigation and placement in keeping with the best interest of the child and the trust placed in it by the parents who surrendered the

child to them for that purpose. The Department's responsibility in this matter should not be frustrated by a race to the courthouse door by hopeful adoptive parents who have neither legal nor physical custody of the child or the consent of the Department as required by the statute. The lawful placement of this child has now been obstructed for more than a year by the institution of this proceeding by petitioners.

The order from which the Department appealed is vacated, and the case is remanded for an order dismissing the proceeding.

Reversed and Remanded.

Judges MARTIN (Robert M.) and WELLS concur.